ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| MUNICIPIO DE JUANA DÍAZ<br><br>Parte Apelada<br><br>v.<br><br>RICHARD RODRÍGUEZ RODRÍGUEZ, ROSA NELLY FIGUEROA CRUZ, HARRY H. VÁZQUEZ GUTIÉRREZ Y OTROS<br><br>Parte Apelante | TA2026AP00405 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2025CV03442<br><br>Sala: 601<br><br>Sobre: Acción Reivindicatoria, Sentencia Declaratoria, Injunction (Entredicho Provisional, Injunction Preliminar y Permanente) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de junio de 2026.

Comparecen ante *nos* Harry H. Vázquez Gutiérrez y Gretchen Colón González (en conjunto, los peticionarios) y nos solicitan que revisemos una *Resolución Interlocutoria* emitida y notificada el 6 de abril de 2026, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Ponce. Mediante dicho dictamen, el TPI declaró *No Ha Lugar* la *Moción de Desestimación* que presentó la parte peticionaria y *Ha Lugar* la *Moción de Consolidación* que presentó el Municipio de Juana Díaz (Municipio o recurrido).

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto de *certiorari*.

### I.

El 2 de diciembre de 2025, el Municipio presentó una *Demanda* sobre acción reivindicatoria, sentencia declaratoria e

interdicto preliminar y permanente en contra de los peticionarios, Richard Rodríguez Rodríguez y Rosa Nelly Figueroa Cruz (en conjunto, matrimonio Rodríguez-Figueroa). Ese mismo día, la Secretaría del Tribunal expidió los emplazamientos para todas las partes; además, el foro primario emitió una *Orden* citando a las partes a una Vista de Injunction Preliminar.

Así las cosas, el 8 de enero de 2026, la parte recurrida presentó una *Moción Para Que Se Autorice Emplazamiento Por Edicto*. En la misma, sostuvo que las gestiones de los emplazadores para emplazar a los peticionarios habían resultado infructuosas. Indicó, además, que les envió a los peticionarios una solicitud de renuncia a los emplazamientos, que fue recibida y que no fueron devueltas según establece la Regla 4.5 de Procedimiento Civil.

Ante ello, ese mismo día, el TPI emitió una *Orden* mediante la cual concedió un término de veinte (20) días para cumplir con los requisitos de la Regla 4.6 de Procedimiento Civil. Luego, el 26 de enero de 2026, el Municipio presentó una *Moción Para Cumplir Orden*. Posteriormente, el 2 de febrero de 2026, los peticionarios presentaron un documento titulado *Para Someterse a la Jurisdicción del TPI [...]*. En esta, adujeron que luego de examinar el expediente judicial, se someten a la jurisdicción del foro primario y se allanaban a la competencia de la Región Judicial. Asimismo, arguyeron que, una vez concluida la investigación fáctica del caso, estarían presentando la alegación responsiva.

El 20 de febrero de 2026, la parte peticionaria presentó una *Contestación a Demanda*. Entretanto, el 3 de marzo de 2026, las partes presentaron una *Moción Conjunta Para Informar Acuerdo* mediante la cual informaron que llegaron a un acuerdo en el que la parte peticionaria se comprometió a no realizar mejoras ni reparaciones a la estructura en controversia, hasta tanto el Tribunal resolviera si la parte peticionaria tiene algún derecho propietario

sobre la estructura. El 5 de marzo de 2026, el TPI emitió una *Sentencia Parcial* mediante la cual declaró *Ha Lugar* la *Moción Conjunta Para Informar Acuerdo.*

Así, el 4 de abril de 2026, el Municipio presentó una *Moción de Consolidación.* En la misma, solicitó que el caso de epígrafe fuera consolidado con el caso PO2026CV01069, ya que contiene las mismas partes y presenta situaciones de hecho y de derecho idénticas a las del caso de autos. En igual fecha, la parte peticionaria presentó una *Oposición a Moción de Consolidación.* Arguyó que, el caso PO2025CV03442 no está válidamente pendiente porque la Regla 4.3(c) de Procedimiento Civil ordena su desestimación de manera automática por el transcurso del término de ciento veinte (120) días sin emplazamiento. Así pues, acentuó que no puede consolidarse un caso que por disposición expresa de las Reglas de Procedimiento Civil debe ser desestimado y archivado. Finalmente, expresó que la consolidación no puede utilizarse para evadir las consecuencias del incumplimiento procesal.

Asimismo, la parte peticionaria presentó una *Moción de Desestimación.* Mediante esta, solicitó la desestimación de la *Demanda* por haber transcurrido el término de ciento veinte (120) días sin que se completara el emplazamiento a todas las partes demandadas. Trabada la controversia, el 6 de abril de 2026, el foro primario emitió una *Resolución Interlocutoria* mediante la cual declaró *No Ha Lugar* la *Moción de Desestimación* que presentó la parte peticionaria y *Ha Lugar* la *Moción de Consolidación* que presentó el Municipio. En consecuencia, ordenó la consolidación del caso PO2025CV03442 con el caso PO2026CV01069.

En desacuerdo, el 10 de abril de 2026, la parte peticionaria presentó una *Reconsideración.* Ese mismo día, el TPI emitió una *Resolución Interlocutoria* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración y apercibió a la parte recurrida que si

en el caso PO2026CV01069, nuevamente, no puede emplazar a partes indispensables dentro del término estatutario establecido en la Regla 4.3 de Procedimiento Civil, se desestimarán ambos casos.

Inconforme aun, el 21 de abril de 2026, la parte peticionaria compareció ante *nos* mediante un recurso de *Apelación,* el cual acogimos como un *certiorari* por ser el recurso correcto en derecho, y alegó la comisión de los siguientes errores:

> **PRIMER SEÑALAMIENTO DE ERROR**: Erró el TPI al declarar Ha Lugar la Moción de Consolidación del caso PO2025CV03442 con el caso PO2026CV01069, cuando el caso PO2025CV03442 debía ser desestimado de forma mandatoria conforme a la Regla 4.3(c) de Procedimiento Civil, por cuanto un caso que por mandato de ley debe ser desestimado no está válidamente pendiente y no puede servir de base para una consolidación al amparo de la Regla 38.1.

> **SEGUNDO SEÑALAMIENTO DE ERROR**: Erró el TPI al denegar la Moción de Desestimación presentada por los apelantes, desatendiendo el mandato imperativo e improrrogable de la Regla 4.3(c) de Procedimiento Civil, que ordena al Tribunal dictar sentencia decretando la desestimación cuando el emplazamiento no ha sido diligenciado dentro del término de ciento veinte (120) días, sin que medie discreción judicial alguna para extender dicho término.

> **TERCER SEÑALAMIENTO DE ERROR**: Erró el TPI al no aplicar la segunda oración de la Regla 4.3(c) de Procedimiento Civil, que dispone que una subsiguiente desestimación tendrá el efecto de una adjudicación en los méritos, cuando el expediente demuestra que el Municipio de Juana Díaz ha incumplido con dicho término en al menos tres procedimientos previos sobre idéntica causa de acción, las mismas partes y la misma propiedad.

El 23 de abril de 2026, emitimos una *Resolución* mediante la cual le concedimos un término de diez (10) días a la parte recurrida para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. Contando con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León*, 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank v. ZAF Corp.,* 202 DPR 478 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios,

anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649 (2000); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 63, 215 DPR __ (2025), señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra*. En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

### III.

En sus señalamientos de error, la parte peticionaria planteó que erró el TPI al declarar *Ha Lugar* la *Moción de Consolidación* del caso PO2025CE03442 con el caso PO2026CV01069, cuando el caso PO2025CE03442 debía ser desestimado de forma mandatoria conforme a la Regla 4.3 (c) de Procedimiento Civil, por cuanto un caso que por mandato de ley debe ser desestimado no está válidamente pendiente y no puede servir de base para una consolidación al amparo de la Regla 38.1 de Procedimiento Civil. Asimismo, manifestó que erró el TPI al denegar la *Moción de Desestimación* presentada por los recurridos, desatendiendo el mandato imperativo e improrrogable de la Regla 4.3 (c) de Procedimiento Civil, que ordena al Tribunal a dictar sentencia decretando la desestimación cuando el emplazamiento no ha sido diligenciado dentro del término de ciento veinte (120) días, sin que

media discreción judicial alguna para extender dicho término. Por último, aseveró el peticionario que erró el TPI al no aplicar la segunda oración de la Regla 4.3 (c) de Procedimiento Civil, que dispone que una subsiguiente desestimación tendrá el efecto de una adjudicación en los méritos, cuando el expediente demuestra que el Municipio ha incumplido con dicho término en al menos tres (3) procedimientos previos sobre idéntica causa de acción, las mismas partes y la misma propiedad.

A la luz del marco jurídico enunciado, nuestro ámbito jurisdiccional respecto a la revisión de asuntos interlocutorios en casos civiles está delimitado, en primer lugar, a lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra.*

Así pues, luego de evaluar detenidamente la totalidad del expediente y de analizadas las circunstancias del caso, es nuestra apreciación que no se configuran ninguno de los criterios que mueva nuestra discreción para la expedición del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* Por lo tanto, nos abstenemos de intervenir con la *Resolución Interlocutoria* recurrida en esta etapa de los procedimientos. Esto, por no encontrar indicio alguno de que el foro primario actuó de forma arbitraria, caprichosa, en abuso de su discreción o que cometió algún error de derecho que amerite nuestra intervención revisora. Tampoco la parte peticionaria nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un fracaso de la justicia.

Por lo tanto, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV.**

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón y el Juez Rodríguez Flores concurren sin opinión escrita.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones